IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                         Case No. 13-10112-03-JTM

ANTOINE BEASLEY,

    Defendant.

MEMORANDUM AND ORDER

On the basis of recently-acquired information, the government moved for attorney fees from defendant Antoine Beasley. (Dkt. 553). Citing evidence strongly suggesting that Beasley is not indigent, the government seeks an order requiring compensation for the amount expended to provide him with an attorney at no charge. Subsequently, the government filed a supplemental motion (Dkt. 556), supplying additional information.

The court conducted a hearing in which the parties argued the government's motions, and allowed both the government and defendant an opportunity to submit additional briefing on the issue.

The relief sought by the government is unusual, but the law is straightforward. If a defendant charged with a felony is indigent, he is entitled to a court-appointed attorney at government expense. However, if it is later discovered that the defendant was not

indigent, or if he obtained substantial funds in the interim, he may be required to reimburse the government for the cost of his court-appointed attorney. If the government provides evidence casting doubt on a defendant's inability to afford counsel, the defendant has the burden of coming forward with evidence rebutting the government's evidence. *United States v. Allen*, 596 F.2d 227, 232 (7th Cir.), *cert. denied*, 444 U.S. 871 (1979).

The court will consider factors including the accessability of defendant's assets, whether he would suffer hardship if deprived of the assets, and his and his family's needs. *United States v. Simmers*, 911 F.Supp. 483, 486 (D.Kan., 1995) (citing *United States v. Bracewell*, 569 F.2d 1194 (2d Cir. 1978)). Here, the government has provided such evidence.

Antoine Beasley made his initial appearance on April 11, 2014, and reported that he was indigent and required court-appointed counsel. The court granted his request. The Financial Affidavit submitted by the defendant states that his monthly income from his employment with a real estate investment firm is $2,000, and that he has monthly expenses of $750. (Dkt. 76).

Slightly over a year later, according to information now presented by the government, Beasley purchased a luxury automobile, a 2015 Audi A7 3.0T Quattro. The MSRP for this vehicle was $67,163, but with the added optional equipment, the purchase price was $7,715.00. In conjunction with the purchase, Beasley completed a credit application in which he reported that his monthly income was $10,000.00. This income was reported separately from his wife (Patrice Beasley Duncan) which was listed as $3,588.00 per month.

Beasley then made monthly payments on the Audi, but not by electronic transfer or by bank checks. Rather, according to the government, Beasely made the payments of $1,347.62 each month by exchanging cash for money orders at Dillons. On each occasion, Beasley obtained two money orders: one for $1,000, and one for $347.62.

The defendant and his wife have two additional vehicles, a 2006 Chevy and a 2008 Ford. Both are in working condition and lien-free, although defendant asserts in his brief the vehicles have high mileage.

The information submitted by the government in its first supplemental motion is a set of grocery store money orders made out to Audi Financial Services, which collectively indicate that Beasley began to significantly increase the payments on the Audi in 2017. In March, he made $4,000 in total payments, and in April a total of $5,000. In each month, the payments were made by separate $1,000 payments.

The defendant's brief in opposition asserts that defendant makes some $1,500 per month managing rental housing, and his wife brings home $3,500 working as a teacher. His assertion is not supported by any affidavit or other evidence.

After reviewing the material submitted by the parties, the court finds the government has presented prima facie evidence that Antoine Beasley was not indigent during the time of his court-appointed representation.

In his response, the defendant stresses the complexity of the case(Dkt. at 3-5) and that, after the government seized some $500,000.00 in cash at the time of his arrest, he was without any funds at the time of his indictment to employ counsel. The defendant also, as

he did at the hearing, invokes the doctrine of laches, but expands upon it, arguing that not only the government but "the Court is collaterally estopped from ordering him to repay any of the attorney fees in the case." *Id.* at 5. Beasley argues that the fact of his indigence cannot be reviewed because the court entered judgment as to his sentence.

Notwithstanding defendant's arguments, the fact remains that defendant bought, financed, and paid for a luxury car while he was also receiving government-funded free legal services, based on the representation of limited financial resources. The evidence before the court establishes that defendant does have "specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys fees." *United States v. Moore*, 666 F.3d 313, 322 (4th Cir.2012).

The government has submitted evidence demonstrating the purchase of the Audi, the monthly payments during most of the loan period, and the substantial increase in payments as plea discussions and sentencing approached. In contrast, defendant has submitted no *evidence* in response, either at the October 11 hearing or in his subsequent brief. Statements made by counsel in a brief are not evidence. Accordingly, the defendant has failed in his burden of proof to rebut the government's prima facie case.

As to the defendant's equitable or jurisdictional arguments, the court first rejects the defendant's arguments that the government is estopped from see,ing relief because the timing of its motion precluded him from mitigating his damages. There is no evidence of any substantial delay by the government subsequent to its discovery of Beasley's Audi. The

government within a reasonable period of time alerted Beasley that it was aware of the Audi. Defendant, however, took no contemporaneous action to inform the court. To the extent that defendant might have mitigated his damages by selling the Audi or otherwise compensating the United States earlier this year, the doctrine applies equally to him.

As indicated earlier, in his supplemental brief, the defendant also argues that not only the government but also "this Court is collaterally estopped from ordering him to repay any of the attorney fees in this case." (Dkt. 566, at 5). However, the defendant is not in a position to argue for equitable relief. In his financial affidavit, he represented his total household earnings were approximately $2,000. (Dkt. 76). His brief in opposition to the government's motion indicates monthly income of $5,000. In the credit application for purchase of the Audi, he indicated his monthly income was $10,000.

Defendant remained silent while enjoying a stream of income substantially in excess of his earlier representation to court. Having done so, he is no position to now plead for equitable relief.

The court retains the power to grant the relief sought by the government. The October 12, 2017 Judgment (Dkt. 559) makes no reference to the issue of reimbursed attorney fees. And while the court approved the Presentence Report and indicated it would impose no fine because it was either "waived or below the guideline range because of inability to pay," this related only to the decision to impose no fine. (Dkt. 560, at 1). The court made no findings that defendant should be excused from reimbursement of fees.

And prior to the Judgment and Statement of Reasons, the court had already

explicitly announced that it would grant the government's motions at least in part. In the October 11, 2107 hearing, which preceded the Judgment, the court reserved ruling on the *amount* of reimbursement pending additional briefing, but nevertheless expressly ruled "I am going to order that at least some portion of the fees be repaid." (Dkt. 564 at 4).

The defendant made no objection to reserving the amount for a later date. To the extent any claim of waiver applies, it is the defendant who has waived objection to the present order fixing the amount of reimbursement.

Most importantly, however, an order of reimbursement is not constrained by the judgment in defendant's criminal prosecution. The Civil Justice Act itself expressly authorizes the present order. Under 18 U.S.C. § 3006A(f), the court may order reimbursement "[*w*]henever [it] finds that funds are available for payment from on behalf of a person furnished representation."

An order requiring the reimbursement of attorney fees "must be regarded as an independent civil liability imposed by the court pursuant to 18 U.S.C. § 3006A(f)," and thus "the reimbursement order is not part of the sentence." *United States v. Standiford*, 148 F.3d 864, 870 (7th Cir. 1998). Orders issued pursuant to § 3006A(f) are administrative in nature, and may be issued even while a case is on direct appeal. *See United States v. Medford*, 608 F.Supp.2d 709, 713-14 (W.D.N.C. 2009) (rejecting defendant's jurisdictional argument, and holding that, as an administrative determination "it is this Court, and *only* this Court, that

6

is vested with the authority to resolve the CJA issue in question").[1]

The government suggests a number potential remedies, from requiring repayment of all expenses incurred by defendant's counsel, to for the amount of vouchers submitted by counsel since the purchase of the vehicle in August, 2015, or for the amount paid on the vehicle. (Dkt. 565, at 5-6). Considering all the evidence presented in the matter, the court in its discretion concludes that the defendant shall reimburse the government for the amount expended on the Audi from the time of its purchase. The court hereby directs and orders defendant to pay to the United States Treasury $34,649.00.

IT IS ACCORDINGLY ORDERED this 31st day of October, 2017 that the government's Motions for Fees (Dkt. 553, 556, 565) are hereby granted as provided herein.

   s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[1] *See also United States v. Homrighausen*, 366 Fed.Appx. 76 (11th Cir. 2010) (noting district court required reimbursement on remand after direct appeal); *Museitef v. United States*, 131 F.3d 714, 715 (8th Cir. 1997) (district court issued § 3006A(f) order requiring reimbursement after trial resulting in acquittal); *United States v. Griggs*, 240 F.3d 974, 974 (11th Cir. 2001)(reimbursement orders under § 3006A(f) are administrative matters reserved to the discretion of the district court and "are unrelated to the outcome of the case").