IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
            Plaintiff,

       vs.                                            No. 13-10112-3-10085-JTM

ANTOINE BEASLEY,
            Defendant.



MEMORANDUM AND ORDER


After pleading guilty, Antoine Beasley was convicted in 2017 of possession of a firearm by a user of a controlled substances, in violation of 18 U.S.C. § 922(g)(3), and conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. In exchange for this plea, the United States dismissed seven other counts against Beasley in the Second Superseding Indictment. The court sentenced the defendant to a total term of imprisonment of 63 months on both counts, running concurrently. (Dkt. 559).[1] He now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his health conditions and the danger presented by exposure to the COVID-19 virus. Beasley states in his motion that he suffers from obesity, diabetes, hypertension and chronic kidney injury.

---

[1] Beasley filed but later dismissed a direct appeal in 2017. (Dkt. 572, 582). He later moved to vacate his sentence under 28 U.S.C. § 2255, which this court recently denied (Dkt. 711). On July 14, 2020, the Tenth Circuit denied Beasley's request for a certificate of appealability on his ineffective assistance of counsel claim. (Dkt. 740).

The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if the defendant otherwise show that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

The government acknowledges that Beasley suffers from hypertension, chronic edema, and myositis, but notes that while Beasley may be a risk for diabetes, but has no direct diagnosis for that condition.  Similarly, it contends that Beasley's kidney and liver functions show he is within the normal limits. Ultimately, however, it agrees that the defendant has medical conditions that when considered collectively establish extraordinary and compelling circumstances for potential release under § 3582. (Dkt. 736, at 15).

The dispute between the parties, therefore, centers on whether a sentence reduction may occur consistent with the sentencing factors set forth in § 3553. Under the statute, the court in sentencing a defendant should consider (1) the nature of the offense and the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants.

2

The court concludes that release should not be granted. First, the defendant is not scheduled to be released until May of 2022, meaning that a significant portion of his sentence remains to be served. The defendant's 63 months sentence reflected the bottom of the guideline range, and a reduction to time served would accordingly reflect a substantial departure from the guideline range for purposes of § 3553.

Second, such a reduction, effectively giving the defendant a sentence of some three years, would fail to reflect the seriousness of his offense, which involved both potential violence (a firearms count) and extensive trafficking in narcotics (with the conspiracy count). The evidence before the court should that the defendant actively conspired to distribute 85 kilograms of marijuana, and, as he acknowledged to the court, he did this for "significant financial gain." (Presentence Report, ¶ 121). Law enforcement officers found $250,000 in the defendant's house. The conspiracy involved numerous individuals using stash houses owned by Antonine and Gerald Beasley. The firearm involved in the case was not a simple handgun, by an AR-15 type assault rifle, specifically a D.P.M.S., model A-15, .223-5.56 caliber, semi-automatic lower receiver. The extensive and potentially violent nature of the defendant's criminal conduct counsel strongly against release.

Finally, while the defendant does have some physical conditions which render him susceptible to the COVID-19 virus, this is to some extent offset by his relatively younger age. Coupled with the seriousness of the underlying offenses and the other

3

circumstances of the case, the court concludes that release of the defendant is not warranted at this time.

IT IS ACCORDINGLY ORDERED this day of July, 2020, that the defendant's Motion for Release (Dkt. 731) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge

4