IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                             No. 13-10112-3-JTM

ANTOINE BEASLEY,
    Defendant.

MEMORANDUM AND ORDER

On July 24, 2020, the court denied defendant Antoine Beasley's motion seeking compassionate release 18 U.S.C. § 3582(c)(1)(A). The court found that Beasley's conditions (obesity, diabetes, hypertension and chronic kidney injury) did not amount to "extraordinary and compelling" reasons supporting a release, noting in particular Beasley's relatively younger age. (Dkt. 743). The defendant has now submitted a renewed motion (Dkt. 758) again seeking a sentence of time served. In the present motion, defendant emphasize both his race (African-American) and obesity as reasons for granting the relief sought.

The court again denies the request for compassionate release. The court explicitly acknowledged the defendant's obesity in its prior order, while still concluding that—on balance—release was not warranted. Nor defendant's race does present a compelling reason for release. While statistics show African-Americans are disproportionately affected by the virus, in large part this may simply be because African-Americans disproportionately have the underlying medical conditions such as obesity which

render the virus dangerous. The June 23, 2020 *Lancet* article[1] now cited by Beasley acknowledges this reality, and suggests that (Abstract, p. 1) that the disproportionate underlying comorbidities may only "incompletely" explain the mortality rate. The Article concludes that "[t]he *possibility* that unrecognized severity of comorbidity or social vulnerability because of pre-pandemic unequal access to care, or differential failure to remediate those recognized comorbidities/social vulnerabilities, cannot be excluded." (Conclusion, p. 7 (emphasis added)). That is, the unquantified increase risk may be due to factors, such as lack of access to medical care in the general community, which are not directly relevant to the defendant.

"As other courts have recognized, the fact of an inmate's race itself does not constitute a risk factor for COVID-19 in the same way, as, for instance, an underlying medical condition does." *United States v. Myers*, No. 18-20633, 2020 WL 4934343, at *3 (E.D. Mich. Aug. 24, 2020) (collecting cases). In the end, it remains "unclear … whether race is an independent risk factor or whether the adverse outcomes are caused by other factors such as living conditions (such as population density), work conditions (including service in essential industries), lack of access to health care or the prevalence of other underlying medical conditions." *United States v. Green*, No. CR 05-205, 2020 WL 3642860, at *4 (W.D. Pa. July 6, 2020).

More importantly, in its prior Order the court determined that even if Beasley had demonstrated that he might otherwise qualify for potential release on medical

---

[1] https://www.thelancet.com/action/showPdf?pii=S25895370%2820%2930199-1.

grounds, such a result was precluded by the second step of the required analysis, whether a time-served sentence would be appropriately granted under § 3553(a). The court specifically noted that immediate release now, with much of defendant's sentence still unserved, would "reflect a substantial departure" from a proper guideline sentence. (Dkt. 743, at 3). The court further found that a time-served sentence:

> would fail to reflect the seriousness of his offense, which involved both potential violence (a firearms count) and extensive trafficking in narcotics (with the conspiracy count). [D]efendant actively conspired to distribute 85 kilograms of marijuana, and, as he acknowledged to the court, he did this for "significant financial gain." (Presentence Report, ¶ 121). Law enforcement officers found $250,000 in the defendant's house. The conspiracy involved numerous individuals using stash houses owned by Antonine and Gerald Beasley. The firearm involved in the case was not a simple handgun, by an AR-15 type assault rifle, specifically a D.P.M.S., model A-15, .223-5.56 caliber, semi-automatic lower receiver. *The extensive and potentially violent nature of the defendant's criminal conduct counsel strongly against release.*

(*Id.*) (emphasis added).

The defendant's renewed motion fails to address this second prong of the court's analysis. Given the circumstances of the case, the sentence cannot be reduced consistent with the § 3553(a) sentencing factors. The court again concludes that the defendant has not met his burden to show his entitlement to immediate release.

IT IS ACCORDINGLY ORDERED this day of August, that the defendant's Motion for Compassionate Release (Dkt. 758) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge