IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.   Case No.  13-10112-03-JWB

ANTOINE BEASLEY,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant Antoine Beasley's motion for sentence reduction.  (Doc. 782.)  The motion has been fully briefed.  (Docs. 784, 785.)  Defendant's motion is DISMISSED FOR LACK OF JURISDICTION for the reasons stated herein.

**I.**        **Facts and Procedural History**

This is the third time that Defendant has filed a motion for sentence reduction.  (Docs. 731, 758.)  His previous motions were denied.  (Docs. 743, 759.)  In 2017, Defendant was convicted of possession of a firearm by a user of controlled substances, in violation of 18 U.S.C. § 922(g)(3), and conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846.  Defendant was sentenced to 63 months imprisonment.  (Doc. 559.)

Defendant has recently been released from prison and is serving the remainder of his sentence in a residential reentry center.  Defendant's projected release date is May 6, 2022.  *See* https://www.bop.gov/inmateloc/  (last accessed September 14, 2021).  Defendant seeks a sentence reduction to time served due to the COVID-19 pandemic and his health conditions.  Defendant argues that he is suffering from constant headaches, shortness of breath, fatigue, and joint pain after being diagnosed with COVID-19 while incarcerated.  (Doc. 782 at 1.)  Defendant asserts that

he is at a higher risk of being exposed to COVID-19 while in the reentry center and that he could take preventative measures at home to minimize his exposure. (Doc. 785 at 1.) Defendant further argues that he has been successful in the reentry center and obtained a full time job.

The government opposes the motion on the basis that Defendant has failed to exhaust his administrative remedies and that he has not shown extraordinary and compelling circumstances that warrant relief.

**II.      Analysis**

The compassionate release statute, 18 U.S.C. § 3582(c), was amended by The First Step Act. Now, a defendant may file his own motion if certain conditions have been met. In order to consider a motion for compassionate release, Defendant must first exhaust his administrative remedies. *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020). Defendant's motion does not state that he has exhausted his administrative remedies. In his reply brief, Defendant states that he was "advised by the Federal Public Defenders Office" that the exhaustion "requirement does not apply" because he is detained in a reentry center and there is no "warden." (Doc. 785 at 1.)

The Tenth Circuit has held that the exhaustion requirement is mandatory. "Courts may not modify an inmate's sentence under § 3582(c)(1)(A) unless (1) the BOP has made a motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and has either (a) 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf' or (b) thirty days have passed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *Springer*, 820 F. App'x at 791 (citing § 3582(c)(1)(A)).

2

Defendant argues that he is not required to exhaust because there is no "warden" at his facility. Defendant's argument lacks merit. The Bureau of Prisons' regulations define "warden" to include "the chief executive officer of ... any federal penal or correctional institution or facility." *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020) (quoting 28 C.F.R. § 500.1(a)). Defendant must first file his request for release with the chief executive officer of his facility and there is no evidence that he has done so. *Id.*

Alternatively, Defendant argues that the court may waive the exhaustion requirement. (Doc. 785 at 1.) The Tenth Circuit has recently held that this requirement is "mandatory" and not "judicially waivable." *United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021). Because Defendant has not exhausted his administrative remedies with respect to his request for sentence reduction, this court lacks jurisdiction over the motion. *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1117 (D. Kan. 2020).

### III.   Conclusion

Defendant's motion for sentence reduction is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 15th day of September, 2021.

          __s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE