IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        Case No. 13-10112-03-JWB

ANTOINE BEASLEY,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant Antoine Beasley's motion for sentence reduction. (Doc. 788.) The motion has been fully briefed. (Docs. 790, 791.) Defendant's motion is DENIED for the reasons stated herein.

### I. Facts and Procedural History

This is the fourth time that Defendant has filed a motion for sentence reduction. (Docs. 731, 758, 782.) His previous motions were denied. (Docs. 743, 759, 786.) In October 2017, Defendant was convicted of possession of a firearm by a user of controlled substances, in violation of 18 U.S.C. § 922(g)(3), and conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. Defendant was sentenced to 63 months imprisonment. (Doc. 559.)

Defendant has recently been released from prison and is serving the remainder of his sentence in a residential reentry center ("RRC"). Defendant's projected release date is May 6, 2022. *See* https://www.bop.gov/inmateloc/ (last accessed November 22, 2021). Defendant seeks a sentence reduction to time served due to the COVID-19 pandemic and his health conditions. Defendant argues that he is suffering from constant headaches, shortness of breath, fatigue, and

joint pain after being diagnosed with COVID-19 while incarcerated. (*See* Docs. 788, 782 at 1.)[1] Defendant asserts that he is at a higher risk of being exposed to COVID-19 while in the RRC and that he could take preventative measures at home to minimize his exposure. (Docs. 785 at 1; 791.) Defendant further argues that he has been successful while at the RRC and obtained a full time job.

The government opposes the motion on the basis that Defendant has not shown extraordinary and compelling circumstances that warrant relief. The government alternatively argues that the sentencing factors do not support release. (Doc. 790 at 7, n. 2.)

**II.     Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Now, a defendant may file his own motion if certain conditions have been met. The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[2] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary

---

[1] Defendant's instant motion has incorporated his arguments raised in his third motion for release. (Doc. 788 at 1.)
[2] The government does not dispute that Defendant has now administratively exhausted his claim. (Doc. 790 at 2.)

circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

### III.     Analysis

In reviewing the motion, the court must first determine whether defendant has shown "extraordinary and compelling reasons" that warrant release. The court has independent discretion to determine whether this has been met. *See McGee*, 992 F.3d at 1044, 1048. "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, No. CR 10-20129-07-KHV, ---F. Supp. 3d ---, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting "extraordinary," *Webster's Third International Dictionary, Unabridged* (2020)). Although not binding on this court, the Sentencing Commission has identified that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id.* (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)) and *United States v. Carr*, 851 F. App'x. 848, 853 (10th Cir. 2021) (holding district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

Here, Defendant argues that the current COVID-19 pandemic, his medical conditions, and the unsanitary conditions at his facility constitute extraordinary circumstances. According to the record in this case, Defendant suffers from a history of hypertension, chronic edema, and myositis. (Doc. 736 at 14.) Defendant also asserts that he has a history of blood clots. (Doc. 782 at 1.) Defendant already contracted COVID-19 in July 2020 while incarcerated. Defendant asserts that he suffers from the lingering affects of the disease and that he is concerned he will be reinfected with COVID-19 and become seriously ill or die from the complications. Defendant further argues that his prolonged COVID-19 symptoms pose an independent risk of serious illness. Defendant, however, refused the vaccine. The government asserts that Defendant "fails to demonstrate with any substance (beyond supposed pictures of a less than clean RRC) why his situation would be different in a home environment rather than at the RRC." (Doc. 790 at 6.) The government also argues that Defendant's refusal of the vaccine makes it "impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." (*Id.* at 7) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

In response, Defendant contends that he refused the vaccine because the nurse at his prior facility told him it would affect his release to the RRC. He also states that the RRC hasn't made the vaccine available at the facility and that he is "restricted by RRC/BOP rules to go obtain the vaccine on my own as all movements are to be approved by the staff." (Doc. 791 at 3.) However, Defendant fails to allege that he has sought and been refused permission to obtain the vaccine at a health facility or pharmacy.

Moreover, Defendant has already contracted COVID-19. Defendant argues that he has lingering symptoms from COVID-19 but fails to provide any medical documentation in support of this contention. Moreover, there is no indication in the record that the facility has not provided

4

Defendant with sufficient medical treatment while serving his sentence. A general fear of reinfection without medical records to support his claim of lingering affects of COVID-19 does not rise to the level of extraordinary and compelling circumstances. *See United States v. Rodriguez-Maciel*, No. 13-10140-3, 2021 WL 147985, *2 (D. Kan. Jan. 15, 2021).

While COVID-19 continues to affect many individuals and is present in the community, "prisoners who have access to the vaccine cannot use the risk of COVID-19 to obtain compassionate release." *United States v. Quintana*, No. 17-CR-20043-02-JAR, 2021 WL 5038785, at *3 (D. Kan. Oct. 29, 2021) (quoting *United States v. Ugbah*, 4 F. 4th 595, 597 (7th Cir. 2021)). Here, not only did Defendant refuse the vaccine (and fail to sufficiently show that he has been refused permission to obtain one outside of the RRC) but he has also already contracted COVID-19. Therefore, the court declines to find that the circumstances raised in Defendant's motion amount to compelling and extraordinary circumstances justifying a sentence reduction to time served.

Moreover, even if the court determined that Defendant had shown compelling and extraordinary circumstances, the motion would be denied based on a review of the sentencing factors. Defendant received a sentence of 63 months, which was at the bottom of the guideline range. (Doc. 743 at 3.) As noted by the presentence report, Defendant's Rule 11(c)(1)(C) plea agreement allowed him to avoid "the otherwise applicable statutory penalty of not less than five (5) years imprisonment, to be served consecutively to any other term of imprisonment imposed, as it relates to Count 12, Possession of a Firearm in Furtherance of a Drug Trafficking Crime." (Doc. 552, ¶ 175.)

As set forth by Judge Marten in a previous order, Defendant's crime was serious as it involved

both potential violence (a firearms count) and extensive trafficking in narcotics (with the conspiracy count). The evidence before the court [showed] that the defendant actively conspired to distribute 85 kilograms of marijuana, and, as he acknowledged to the court, he did this for "significant financial gain." (Presentence Report, ¶ 121). Law enforcement officers found $250,000 in the defendant's house. The conspiracy involved numerous individuals using stash houses owned by Antonine and Gerald Beasley. The firearm involved in the case was not a simple handgun, [but] an AR-15 type assault rifle, specifically a D.P.M.S., model A-15, .223-5.56 caliber, semi-automatic lower receiver. The extensive and potentially violent nature of the defendant's criminal conduct counsel strongly against release.

(Doc. 743 at 3.)

Although Defendant recognizes the severity of his crimes, Defendant argues that he has not had any incidents while incarcerated, completed several programs, and has been employed full-time while at the RRC. Defendant's conduct while incarcerated and his current employment is commendable. However, reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. The court finds that the imposed 63-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

### IV.   Conclusion

Defendant's motion for sentence reduction is DENIED.

IT IS SO ORDERED.  Dated this 23rd day of November, 2021.

                                                     s/ John W. Broomes  
                                                   JOHN W. BROOMES  
                                                   UNITED STATES DISTRICT JUDGE